1   RONALD J. TENPAS
    Assistant Attorney General
2   United States Department of Justice
    Environment and Natural Resources Division
3   JEAN E. WILLIAMS, Chief
    LISA LYNNE RUSSELL, Assistant Chief
4   ROBERT P. WILLIAMS, Trial Attorney
    Wildlife & Marine Resources Section
5   United States Department of Justice
    Environment & Natural Resources Division
6   Benjamin Franklin Station - P.O. Box 7369
    Washington, D.C. 20044-7369
7   Telephone No:  (202) 305-0210
    Facsimile No:  (202) 305-0275
8   Email: robert.p.williams@usdoj.gov

9   *Attorneys for Federal Defendants*

10

              IN THE UNITED STATES DISTRICT COURT
11
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13
                                      )
14  CENTER FOR BIOLOGICAL DIVERSITY and )   No. 08-CV-3176-SI
    DESERT SURVIVORS,                  )
15                                     )
              Plaintiffs,              )
16                                     )   **FEDERAL DEFENDANTS' NOTICE**
    v.                                 )   **OF MOTION AND MOTION TO**
17                                     )   **DISMISS, OR IN THE**
    U.S. BUREAU OF LAND MANAGEMENT,    )   **ALTERNATIVE, TRANSFER VENUE**
18  DIRK KEMPTHORNE, Secretary of the  )
    Interior, DEPARTMENT OF THE ARMY, and )  Date:   October 3, 2008
19  Brigadier General Dana J.H. Pittard in his )  Time:  9:00 a.m.
    official capacity as the Commanding General for )  Judge: Hon. Susan Illston
20  the Department of the Army's National Training )  19th Floor, Courtroom 10
    Center and Fort Irwin,             )
21                                     )
              Defendants.              )
22                                     )
                                       )
23

24

25        **Notice of Motion and Motion to Dismiss, or in the Alternative, Transfer Venue**

26        PLEASE TAKE NOTICE that Federal Defendants' motion to dismiss, or in the

27  alternative, transfer venue will be heard on October 3, 2008 at 9:00 a.m.

28

1    **I.     STATEMENT OF THE ISSUE TO BE DECIDED**

2            Defendants U.S. Bureau of Land Management ("BLM"), Dirk Kempthorne, in his official

3    capacity as U.S. Secretary of Interior, U.S. Department of the Army (the "Army"), and Dana J.H.

4    Pittard, in his official capacity as the Commanding General for the Department of the Army's

5    National Training Center and Fort Irwin ("Federal Defendants," collectively), respectfully move

6    the Court pursuant to Federal Rule 12(b)(3) to dismiss this action for improper venue.  As

7    explained more fully below, the Northern District has no connection to this lawsuit.  Federal

8    Defendants do not reside in the Northern District, no events or omissions giving rise to

9    Plaintiffs' claim have, or will occur in the Northern District, and, upon information and belief,

10   no Plaintiff resides in the Northern District.  The Court therefore should dismiss this action for

11   improper venue.  A proposed Order is attached.

12           Should the Court find that dismissal is not appropriate, the Court should, in the interests

13   of justice, transfer the case pursuant to 28 U.S.C. § 1404 to a more proper venue where it could

14   have been filed originally, preferably to the Central District of California, or alternatively to the

15   District of Columbia.

16   **II.     BACKGROUND**

17           This action concerns the planned expansion of the Army's National Training Center at

18   Fort Irwin, located approximately 37 miles northeast of Barstow, California in the High Mojave

19   Desert.  The National Training Center at Fort Irwin is a world class training center known for its

20   excellent desert training.  The Center's mission is to provide realistic arms training in

21   multi-national venues in a contemporary operating environment, with a goal of improving the

22   force and preparing for success in the global war on terrorism and future joint battlefields.  To

23   mitigate for the expansion of the Training Center, the Army has acquired some 100,000 acres of

24   formerly-private land that is located within the designated critical habitat for the desert tortoise,

25   *Gopherus agassizii*, a threatened species under the Endangered Species Act ("ESA"), 16 U.S.C.

26   § 1531 *et seq*.  *See* 55 Fed. Reg. 12178 (Apr. 2, 1990).  The Mojave population of desert tortoise

27

28

1   includes all tortoises north and west of the Colorado River in California, southern Nevada,

2   southwestern Utah, and northwestern Arizona. *Id.* Pursuant to ESA § 7(a)(2), the U.S. Fish and

3   Wildlife Service ("FWS") issued a biological opinion on the effects of the Army's planned

4   translocation of desert tortoises from the expansion area of Fort Irwin to the newly-acquired

5   lands, which concluded that the planned translocation was not likely to jeopardize the continued

6   existence of the tortoise and was not likely to result in adverse modification of the tortoise's

7   critical habitat.

8       Plaintiffs' lawsuit challenges the Army's plan to resume translocation of the tortoises

9   pursuant to contracts with the U.S. Geological Survey ("USGS") and I.T.S. Corporation. In

10  particular, Plaintiffs allege that the Army and the U.S. Bureau of Land Management ("BLM")

11  are required to engage in further ESA § 7 consultation with FWS on the potential effects of the

12  translocation in light of new scientific information. Plaintiffs further allege that the Army is

13  required to consult with FWS pursuant to ESA § 7(a)(2) and complete analysis under the

14  National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, should the Army transfer

15  management responsibility for the newly-acquired lands to BLM. Plaintiffs ask the Court to,

16  among other relief, enjoin the transfer of management authority to BLM, any further

17  translocation of tortoises, and any activities that could cause "take" of desert tortoises, including

18  the use of off-road vehicles, until the additional ESA and NEPA analyses have been completed.

19  Compl., Prayer for Relied ¶¶ 9-11.

20  **III.   ARGUMENT**

21      **A.    The Northern District of California is an Improper Venue for this Case.**

22      Pursuant to 28 U.S.C. § 1391(e), civil actions against federal officers and agencies may

23  be brought:

24          [In] any judicial district in which (1) a defendant in the action resides, or (2) a
            substantial part of the events or omissions giving rise to the claim occurred, or a
25          substantial part of property that is the subject of the action is situated, or (3) the
            plaintiff resides if no real property is involved in the action.
26

    28 U.S.C. § 1391(e).
27

28  *Center for Biological Diversity et al. v. BLM et al.*, No. 08-CV-3176
    FDs' Mot. to Dismiss or Transfer Venue          3

In addition, the ESA includes a venue provision that allows suits brought under the citizen suit provision to be filed "in the judicial district in which the violation occurs." 16 U.S.C. § 1540(g)(3)(A). The ESA venue provision supplements the general venue statute. *See Northwest Forest Resource Council v. Babbitt*, No. 93-1579-JHG, 1994 WL 908586, *2 (D.D.C. Apr. 13, 1994) ("the statute permits–but does not require–a lawsuit to 'be brought in the judicial district in which the violation occurs'"). In the instant matter, none of the above factors is present to establish venue in the Northern District of California.

First, upon information and belief, no Plaintiff resides in the Northern District of California. Plaintiff Desert Survivors apparently resides in Vallejo, California, within Solano County, which is within the jurisdiction of the Eastern District of California. *See* Ex. A attached hereto. Plaintiff Center for Biological Diversity resides in New Mexico. *See* Ex. B attached hereto. As such, Plaintiffs' residences do not establish venue in the Northern District.

Second, no Defendants reside in the Northern District. Fort Irwin is located in San Bernardino County, and as such General Pittard resides in the Central District. The U.S. Department of the Army is headquartered in the Pentagon, located in the Eastern District of Virginia. The Secretary of the Interior, the proper defendant on behalf of BLM, resides in Washington, D.C. *See Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (for the purposes of section 1391(e)(1) "[w]hat controls is the official residence of the federal defendant where the official duties are performed"); *see also Williams v. United States*, No. C-01-0024-EDL, 2001 WL 1352885, *1 (N.D. Cal. Oct. 23, 2001) (noting that "[f]or purposes of venue, all federal defendants reside in Washington, D.C." and that "[v]enue does not lie in every judicial district where a federal agency has a regional office").

Third, the subject of, and the operative events giving rise to, Plaintiffs' claim are located outside of the Northern District of California. Specifically, Fort Irwin and the majority of the desert tortoise's critical habitat in California are located within the Central District of California. 59 Fed. Reg. 5820 (Feb. 8, 1994). Remaining portions of the tortoise's designated critical

habitat within California are located in San Bernardino, Los Angeles, Riverside, Imperial and Kern counties. *Id.* No designated critical habitat is located within any county in the Northern District of California. As the court noted in *Forest Guardians v. Kempthorne*, No. 06-cv-2560-L (LSP), 2007 WL 2572287, at *1 n.2 (S.D. Cal. Sept. 5, 2007), "[t]he location of the species that is the subject matter of ESA lawsuits is routinely considered in venue challenges."

In sum, the Northern District of California has no connection to this lawsuit to establish venue under 28 U.S.C. § 1391(e) or the ESA's venue provision, 16 U.S.C. § 1540(g)(3)(A). Neither Plaintiffs nor Federal Defendants reside in the Northern District. Furthermore, neither the events complained of, nor the subject of, the action are located within the Northern District. The Court therefore should dismiss Plaintiffs' lawsuit for improper venue pursuant to Federal Rule 12(b)(3).

**B.     The Interest of Justice Weigh in Favor of Transfer to the Central District of California.**

As explained above, this case should be dismissed because the Northern District is an improper venue. However, if the Court were to find a connection exists in this case to the Northern District, the interests of justice strongly favor a transfer of venue pursuant to 28 U.S.C. § 1404. Section 1404 authorizes the Court to transfer this case to a district where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." The decision whether to transfer under section 1404(a) is committed to the sound discretion of the district court and should be exercised in light of all the circumstances of a case. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Whether venue should be transferred in any given case depends on "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The only prerequisite to the Court's exercise of discretion is the requirement that the new forum be a district or division where the case "might have been brought." 28 U.S.C. § 1404(a).

In deciding whether to transfer a case pursuant to § 1404(a), courts may take into

*Center for Biological Diversity et al. v. BLM et al.*, No. 08-CV-3176
FDs' Mot. to Dismiss or Transfer Venue          5

consideration private and public interest factors affecting the convenience of the forum.  The

private factors include the "relative ease of access to sources of proof; availability of compulsory

process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

possibility of view of premises, if view would be appropriate to the action; and all other practical

problems that make trial of a case easy, expeditious and inexpensive."  *Gulf Oil Corp. v. Gilbert*,

330 U.S. 501, 508 (1947).  Public factors weighed by the court include, "the administrative

difficulties flowing from court congestion; the 'local interest in having localized controversies

decided at home;' the interest in having the trial of a diversity case in a forum that is at home

with the law that must govern the action; the avoidance of unnecessary problems in conflict of

laws, or in the application of foreign law and the unfairness of  burdening citizens in an unrelated

forum with jury duty."  *Piper Aircraft Co.*, 454 U.S. at 241 (quoting *Gulf Oil Corp.*, 330 U.S. at

509).

Of these factors, the interests of having "local controversies decided at home" emerges as

most significant in the instant action.  As stated above, Fort Irwin, the desert tortoise population,

and its critical habitat in California are found in the Central District of California.  Thus, the

Central District is the local forum that will be impacted most by resolution of this litigation, and

it is a venue where this lawsuit could have been brought pursuant to § 1391(e)(2).  *See Southern

Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) ("Land is a localized

interest because it management directly touches local citizens."); *Trout Unlimited v. U.S. Dept.

of Agriculture*, 944. F. Supp. 13 (D.D.C. 1996) ("Controversies should be resolved where they

arise."); *McCrary v. Gutierrez*, No. 06-cv-0086, 2006 WL 1748410 (E.D. Cal. June 23, 2006)

(transferring case from Eastern District of California to Northern District of California where

species was located entirely in Northern District); *Nez Perce Tribe v. NOAA*, No. 04-CV-60-RE,

2004 WL 1179333, at *3 (D. Or. May 27, 2004) (transferring challenge to decision under ESA

where "greater local interest in the issues raised in this lawsuit exists in Idaho").

Although this case "could have been brought" in the District of Columbia or the Eastern

1  District of Virginia pursuant to § 1391(e)(1), based on the Secretary of Interior's and the Army's

2  respective residences, or in the Eastern District of California or the District of New Mexico

3  based on Plaintiffs' residences, transferring the case to the Central District of California would

4  best serve the interest of justice for the reasons explained above.  Plaintiffs' choice of venue is

5  entitled to no deference when, as in this case: (1) Plaintiffs do not reside in the forum in which

6  they filed suit; (2) their claim arose elsewhere; (3) there is a local interest in having localized

7  controversies decided at home; (4) Federal Defendants prefer a different forum; and (5) the ease

8  of access to sources of proof favors transfer.  *Pacific Car and Foundry Co. v. Pence*, 403 F.2d

9  949, 954 (9th Cir. 1968) (plaintiff's choice of forum"entitled only to minimal consideration"

10  when "the operative facts have not occurred within the forum of original selection and that forum

11  has no particular interest in the parties or the subject matter") (citations omitted); *Lou v.*

12  *Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Carolina Casualty Co. v. Data Broad. Corp.*, 158

13  F. Supp.2d 1044, 1048 (N.D. Cal. 2001) (deference to plaintiff's choice of forum is "substantially

14  reduced where the plaintiff's venue choice is not its residence or where the forum lacks a

15  significant connection to the activities alleged in the complaint"); *Jarvis v. Marietta Corp.*, No.

16  CV-98-4951-MJJ, 1999 WL 638231, *3 (N.D. Cal. Aug. 12, 1999); *Saleh v. Titan Corp*, 361 F.

17  Supp.2d 1152, 1155-56 (S.D. Cal. 2005).  Indeed, this Court recently transferred an ESA case to

18  the Central District of California despite the fact that a plaintiff resided in the Northern District

19  because the species at issue in the case was located in the Central District, and the case had very

20  little connection to the Northern District.  *California Trout, Inc. et al. v. Kempthorne, et al.*, No.

21  C 07-05798 SI (July 21, 2008 Order, copy attached hereto as Ex. C).

22  **V.    CONCLUSION**

23    In sum, there is simply no nexus to establish venue in the Northern District of California

24  in this case, and as such the case should be dismissed.  However, even if the Court were to find

25  dismissal is not appropriate, the interests of justice weigh heavily in favor of transferring this

26  case to the Central District of California, the venue where the subject of this lawsuit is located,

27

28  *Center for Biological Diversity et al. v. BLM et al.*, No. 08-CV-3176
    FDs' Mot. to Dismiss or Transfer Venue          7

1  where a substantial part of the events or omissions giving rise to the claim occurred, and where

2  the impacts of the Court's resolution of this case will be felt.

3

4  Respectfully submitted: August 11, 2008

5

6                                         RONALD J. TENPAS
                                          Assistant Attorney General
                                          Environment & Natural Resources Division

7

8                                         JEAN E. WILLIAMS, Chief
                                          LISA L. RUSSELL, Assistant Chief

9

10                                        /s/  Robert P. Williams
                                          ROBERT P. WILLIAMS, Trial Attorney (SBN
                                          474730 (DC))

11                                        U.S. Department of Justice
                                          Environment & Natural Resources Division

12                                        Wildlife & Marine Resources Section
                                          Ben Franklin Station, P.O. Box 7369

13                                        Washington, D.C. 20044-7369
                                          Telephone: (202) 305-0206

14                                        Facsimile: (202) 305-0275

15                                        ***Attorneys for Federal Defendants***

16

17

18

19

20

21

22

23

24

25

26

27

28
*Center for Biological Diversity et al. v. BLM et al.*, No. 08-CV-3176
FDs' Mot. to Dismiss or Transfer Venue          8

# California Business Portal

Secretary of State DEBRA BOWEN

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES

**Business Search Corporations**

Printer Friendly Page

New Search

Search Tips

Field Definitions

Status Definitions

Name Availability

Corporate Records

Business Entities Records Order Form
  Certificates
  Copies
  Status Reports

FAQS

Corporations Main Page

Site Search

# Corporations

The information displayed here is current as of "AUG 01, 2008" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| DESERT SURVIVORS | | |
| **Number:** C1255691 | **Date Filed:** 8/28/1984 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 401 STINSON ST 8 | | |
| VALLEJO, CA 94591 | | |
| **Agent for Service of Process** | | |
| ALAN SIRACO | | |
| 2777 YULUPA AVE PMB 169 | | |
| SANTA ROSA, CA 95405 | | |

Printer Friendly

**New Search**

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

### Business Search Corporations

**Printer Friendly Page**

**New Search**

**Search Tips**

**Field Definitions**

**Status Definitions**

**Name Availability**

**Corporate Records**

**Business Entities Records Order Form**
 Certificates
 Copies
 Status Reports

**FAQS**

**Corporations Main Page**

**Site Search**

## Corporations

The information displayed here is current as of "AUG 01, 2008" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|
| CENTER FOR BIOLOGICAL DIVERSITY, INC. |

| Number: C2413510 | Date Filed: 4/19/2002 | Status: active |
|---|---|---|
| Jurisdiction: NEW MEXICO | | |

| Address |
|---|
| PO BOX 710 |
| TUCSON, AZ 85702 |

| Agent for Service of Process |
|---|
| ADAM KEATS |
| 1095 MARKET ST STE 511 |
| SAN FRANCISCO, CA 94103-1628 |

Printer Friendly

**New Search**

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TROUT, INC; CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY; CENTER FOR BIOLOGICAL DIVERSITY; and FRIENDS OF THE RIVER, | No. C 07-05798 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| Plaintiffs, | |
| v. | |
| DIRK KEMPTHORNE, Secretary of the Interior; and H. DALE HALL, Director, U.S. Fish and Wildlife Service, | |
| Defendants. | |

Defendants have filed a motion to transfer venue to the Central District of California. The motion is scheduled for hearing on July 25, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. The Court finds that the prior cases decided in this district do not involve the same legal issues as those raised by the current action, *see California Trout v. Babbitt*, No. 95-3961 SI; *California Trout v. Norton*, No. 97-3779 SI, and that the action has very little connection to this district, as compared to the substantial ties to the Central District of California. For these reasons, the Court hereby GRANTS defendants' motion to transfer venue [Docket No. 18].

**IT IS SO ORDERED.**

Dated: July 21, 2008

SUSAN ILLSTON
United States District Judge

1

2

3        IN THE UNITED STATES DISTRICT COURT

4        FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   CENTER FOR BIOLOGICAL DIVERSITY and          )   No. 08-CV-3176-SI
    DESERT SURVIVORS,                            )
7                                                )
            Plaintiffs,                          )
8                                                )   **[PROPOSED] ORDER GRANTING**
    v.                                           )   **FEDERAL DEFENDANTS' MOTION**
9                                                )   **TO DISMISS**
    U.S. BUREAU OF LAND MANAGEMENT,              )
10  DIRK KEMPTHORNE, Secretary of the            )
    Interior, DEPARTMENT OF THE ARMY, and        )
11  Brigadier General Dana J.H. Pittard in his   )
    official capacity as the Commanding General for )
12  the Department of the Army's National Training )
    Center and Fort Irwin,                       )
13                                                )
            Defendants.                          )
14                                                )
                                                 )
15

16

17          Having considered Federal Defendants' motion to dismiss, or in the alternative, transfer

18  venue, Plaintiffs' opposition thereto, and Federal Defendants' reply, the Court concludes that

19  and this action has no connection to this district.

20          Accordingly, IT IS HEREBY ORDERED that Federal Defendants' motion to dismiss is

21  GRANTED.  It is further ORDERED that this case should be, and hereby is, dismissed without

22  prejudice for improper venue.

23  **IT IS SO ORDERED.**

24

25  Dated: _____, 2008

26                                               _____
                                                 SUSAN ILLSTON
27                                               United States District Judge

28